IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ENRIQUE C.V.,<br><br>Petitioner,<br><br>vs.<br><br>TONYA ANDREWS, WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*,<br><br>Respondents. | Civil No. 1:26-cv-06075-MWJS<br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART<br><br>A# 209-122-304 |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART**

Petitioner Daniel Enrique C.V.[1] is an immigration detainee proceeding with a petition for a writ of habeas corpus under 28 U.S.C. § 2241, Dkt. No. 1, and a motion for a temporary restraining order, Dkt. No. 3.

Petitioner entered the United States without inspection in 2016. *See* Dkt. No. 8, at pgs. 2-3. In 2017, he filed an application for asylum and withholding of removal, and an immigration judge later administratively closed his removal proceedings. *Id.* at pg. 3. Criminal history records reflect that, later that same year, Petitioner was arrested by

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

local law enforcement and charged with murder, conspiracy to commit a crime, robbery, and receipt of stolen property. *Id.* at pg. 15. He ultimately sustained a criminal conviction in California state court on multiple counts of robbery (with firearm and street gang enhancements) and participation in a criminal street gang. *Id.* at pg. 6. Although he does not appear to have sustained any other convictions, the criminal history records show that he continued to be arrested on several more occasions. While evidently serving a prison sentence in 2021, Petitioner was charged with possessing a weapon. *Id.* at pgs. 15-16. In 2023, Petitioner was again charged with multiple counts of robbery (with firearm enhancements) and participation in a criminal street gang. *Id.* at pg. 16. And in 2024, Petitioner was charged with a violation of parole. *Id.* at pgs. 16-17.

Throughout the years in which Petitioner amassed this criminal history, he represents that Immigration and Customs Enforcement ("ICE") did not know that he was present in the United States. Dkt. No. 1, at pg. 17. But on October 17, 2025, ICE officers arrested Petitioner in San Jose, California. Dkt. No. 8-1, at pg. 2. He has remained in immigration detention since.

Petitioner now invokes this court's habeas jurisdiction, challenging his continued detention and seeking, among other relief, release from custody. Construed liberally, his pro se filings also seek a bond hearing before a neutral decisionmaker. *See* Dkt. Nos. 1, 3.

The court ordered Respondents to answer the petition. Dkt. No. 7. The court appreciates Respondents' timely and candid response. Dkt. No. 8. Respondents maintain that Petitioner's detention is authorized by 8 U.S.C. § 1225(b)(2)(A), but acknowledge that the Ninth Circuit's recent decision in *Rodriguez Vazquez v. Bostock*, --- F.4th ----, 2026 WL 2196424 (9th Cir. July 30, 2026), holds that § 1226(a) instead governs Petitioner's detention. Dkt. No. 8, at pg. 1. Respondents therefore concede that Petitioner is entitled to seek a custody redetermination hearing before an Immigration Judge. *Id*. Respondents also point to Petitioner's criminal history, but do not argue that this history precludes the relief of a bond hearing. *Id*.

Respondents' concession and the Ninth Circuit's decision in *Rodriguez Vazquez* resolve the key issue necessary to decide this petition: under § 1226(a), Petitioner is entitled to a bond hearing before an immigration judge. In *Rodriguez Vazquez*, the Ninth Circuit rejected Respondents' interpretation of § 1225(b)(2), holding that the mandatory detention scheme of § 1225(b)(2) applies only to noncitizens seeking to enter the United States at the border. 2026 WL 2196424, at *10. By contrast, noncitizens who, like Petitioner, are "present without admission [and] apprehended in the interior of the United States" are subject to discretionary detention under § 1226(a). *Id*. at *3.

Section 1226(a), in turn, provides "extensive procedural protections," including "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to

seek a new hearing when circumstances materially change." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022). Courts in this district applying *Rodriguez Vazquez* have accordingly concluded that similarly situated petitioners are entitled to relief under § 1226(a). *See, e.g.*, *Edin C.R. v. Warden, Cal. City Det. Facility*, No. 1:26-cv-05884-RLP, 2026 WL 2254610, at *1-2 (E.D. Cal. Aug. 5, 2026); *Nelson Francisco P.A. v. Warden, California City Corr. Ctr.*, No. 1:26-cv-01369-TLN-CSK, 2026 WL 2254572, (E.D. Cal. Aug. 5, 2026); *M.A. v. Chestnut*, No. 1:26-cv-01738-TLN-EFB, 2026 WL 2254573, at *1 (E.D. Cal. Aug. 5, 2026).

Although *Rodriguez Vazquez* establishes that § 1226(a), rather than § 1225(b)(2), governs Petitioner's detention, it does not prescribe the particular relief a district court must order. The bond hearing remedy sought here, however, is consistent with this court's prior treatment of materially similar habeas petitions. Before *Rodriguez Vazquez*, this court and others in this district repeatedly concluded that noncitizens detained under circumstances analogous to Petitioner's were entitled to bond hearings under § 1226(a). *See, e.g.*, *Jose C.L.L. v. Chestnut*, No. 1:26-cv-03453-MWJS (E.D. Cal. May 7, 2026); *Francisco C.T. v. Warden*, Cal. City Corr. Ctr., No. 1:26-cv-03308-MWJS, 2026 WL 1234218 (E.D. Cal. May 4, 2026); *Ixcox Chum v. Lyons*, No. 1:26-cv-02491-KES-EPG (HC), 2026 WL 950765 (E.D. Cal. Apr. 8, 2026). The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.

That said, it might sometimes be appropriate to grant the broader relief of immediate release when the government has detained a noncitizen for a significant period of time while depriving them of the bond hearing to which they are entitled. After all, the "typical remedy" for "unlawful executive detention" is release from custody. *Munaf v. Geren*, 553 U.S. 674, 693 (2008). And in some cases, after the government has unlawfully detained a noncitizen without a bond hearing for a significant amount of time, it may be insufficient to belatedly "bring the government into conformity with its governing statutes." *Adolfo C.M. v. Warden of the Cal. City Det. Ctr.*, No. 1:26-CV-06078-TLN-SCR, 2026 WL 2294959, at *2 (E.D. Cal. Aug. 10, 2026). That may be especially so if the noncitizen has little or no criminal history and strong ties to the United States.

But the record in this case reveals that Petitioner has a criminal history that, while apparently limited to a single conviction, contains several troubling entries. The government's interest in the opportunity to have the propriety of Petitioner's continued detention confirmed at a bond hearing is, therefore, much stronger than it might be in other circumstances. Given these circumstances, the court concludes that ordering a bond hearing, rather than immediate release, is the appropriate remedy in this case.

IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED in part, to the extent Petitioner contends in his petition (liberally

construed) that he is entitled by statute to a bond hearing. The court denies Petitioner's remaining theories for relief.

Respondents are ENJOINED AND RESTRAINED from continuing to detain Petitioner unless they demonstrate, within seven days of the date of this order, that Petitioner has received a bond hearing before a neutral decisionmaker in accordance with 8 U.S.C. § 1226(a) and its implementing regulations. Respondents shall file a status report within ten days of the date of this order, confirming whether a bond hearing has been held and, if so, the outcome of that hearing. Given the foregoing, the Motion for a Temporary Restraining Order and Motion to Appoint Counsel, Dkt. Nos. 3, 4, are DENIED AS MOOT. This order resolves all pending motions.

The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED: August 14, 2026, at Honolulu, Hawai‘i.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge